FINANCIAL CREDIT CORPORATION, demandante y recurrente, *v.* AMÉRICO COLÓN BÁEZ, demandado; JOSÉ R. ÁLVAREZ, interventor y recurrido.

*Número:* R-66-325     *Resuelto:* 22 de diciembre de 1967

*Juan Enrique Géigel, Guillermo Silva, Hernán G. Pesquera* y *Miguel A. Giménez Muñoz,* abogados de la recurrente; *Pagán, Pagán & Pagán,* abogados del interventor.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

PER CURIAM: En 2 de agosto de 1965 se celebró un contrato de venta condicional en virtud del cual Flamingo Auto Sales vendió a Américo Colón Báez, un vehículo de motor marca Chevrolet, modelo 1965, motor número 166375A112320. Dicho contrato fue cedido a la Financial Credit Corporation.

En 23 de febrero de 1966 la Financial Credit Corporation inició una acción reposesoria contra el comprador condicional,

Américo Colón Báez. Acompañó con su escrito copia del contrato con nota de su presentación para inscripción en el Departamento de Obras Públicas. Se citó a las partes para la audiencia que dispone la ley. A instancias de Financial Credit Corporation se citó también para esa audiencia al Sr. José R. Álvarez, última persona vista en posesión del vehículo objeto del procedimiento. A dicha audiencia, celebrada el 25 de marzo de 1966 no compareció el demandado ni tampoco el Sr. Álvarez. El tribunal dictó la Orden de Restitución en esa fecha.

En 14 de junio de 1966, cuando ya era firme la ameritada Orden de Restitución y el vehículo había sido vendido en pública subasta, el Sr. Álvarez presentó un escrito titulado "Alegación Estableciendo Reclamación o Defensa que motiva la Intervención" y "Solicitud de Intervención". En el primero de estos escritos alegó el Sr. Álvarez que era dueño del vehículo en cuestión por compra que del mismo hizo a Flamingo Auto Sales. Se solicitó además en dicho escrito que decretara la nulidad del embargo trabado en aseguramiento de sentencia y la entrega del vehículo al interventor.

Luego de celebrarse una vista sobre la moción de intervención, el Tribunal la declaró sin lugar. Posteriormente el interventor presentó una solicitud de reconsideración. En esta solicitud reprodujo sus alegaciones referente al título del vehículo objeto de la reposesión.

Se señaló y celebró una vista para discutir la moción de reconsideración. Lo menos que se hizo en dicha vista fue discutir la procedencia de la solicitud de intervención. Por el contrario el Tribunal consideró la demanda de intervención en sus méritos y la declaró con lugar aun cuando ninguna de las partes presentó prueba para sostener sus respectivas contenciones. La referida vista quedó limitada al siguiente diálogo entre el juez y los abogados de las partes:

"Hon. Juez: Aquí hay una moción de reconsideración. ¿Su señoría representa al interventor peticionario?

Lic. Giménez Muñoz: Representamos la demandante.

Hon. Juez: Se alega que no estaba debidamente inscrito.

Lic. Pagán Pagán: Correcto. Se trata de un vehículo que nunca ha sido inscrito en el departamento de obras públicas. Tengo en mi poder el título de este vehículo más el contrato original, que fue en aquel entonces preparado.

Hon. Juez: Estoy recordando que la otra parte sometió algún documento donde decía que había sido recibido.

Lic. Pagán Pagán: Recibido sí fue.

Lic. Giménez Muñoz: El contrato tiene un sello diciendo que fue recibido.

Hon. Juez: En este caso el tribunal, al decir 'recibido', tiene ahí alguna otra prueba en contrario. Tiene el Tribunal que considerar que recibido no es inscrito. ¿Tiene ahí prueba en contrario?

Lic. Pagán Pagán: Deseo añadir que hice una búsqueda en el departamento de obras públicas. Se me informa que no pueden someter certificaciones porqué no consideran inscrito el vehículo.

Hon. Juez: Hay algo que se llama negativo. Entendemos que su señoría tiene el contrato original.

Lic. Pagán Pagán: Sí, lo tengo vuestro honor.

Hon. Juez: Es un caso raro; pero la preponderancia de la prueba es que no está inscrito.

Lic. Pagán Pagán: Tengo conmigo un documento que se suscribió en el Estado de Florida, Miami, que es el título de propiedad. Sin este documento el departamento de obras públicas no inscribe.

Hon. Juez: Aquí la prueba preponderante es que no está inscrito. Se declara con lugar la reconsideración. Se deja sin efecto la orden que ya se había dictado—la orden de restitución en el caso. La prueba preponderante es que no está inscrito.

Lic. Giménez Muñoz: Lo que interesamos del Tribunal es que permita la intervención; pero que no determine si está o no inscrito el contrato. Ya, en su día, se determinará eso.

Hon. Juez: Vamos a dar una segunda oportunidad.

Lic. Pagán Pagán: Hay una oposición.

Hon. Juez: La resolución es en dos sentidos: declara sin lugar la restitución y declara con lugar la intervención. Estaba señalado todo para hoy.

Lic. Giménez Muñoz: Luego, si se permite, se desfila la prueba.

Hon. Juez: Se declara nula la orden. Se ordena la devolución. Se declara con lugar la intervención. Se declara sin lugar la orden de restitución y se ordena la devolución. Prepare la orden." (T.E. págs. 2 a 5.)

Habiendo el abogado de la demandante manifestado que interesaba que se permitiera la intervención, la resolución del tribunal debió limitarse a declarar con lugar la solicitud de intervención y señalar una vista sobre los méritos de la demanda del interventor. La demandante fue privada de tener su día en corte respecto a la reclamación del interventor.

*Se revocará la resolución de 22 de septiembre de 1966 dictada por la Sala de San Juan del Tribunal Superior*(1) *en tanto en cuanto (1) declara nula la orden de Reposesión, (2) se ordena a la demandante devolver el vehículo al interventor, y (3) se impone a la demandante el pago de $100.00 para honorarios de abogado.*

*Se devuelve el caso para la continuación de los procedimientos.*

(1) La llamada "Resolución" es en verdad a los fines legales una sentencia.